# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BUILDING INDUSTRY ASSOCIATION OF WASHINGTON, a Washington non-profit trade association, and SOUNDBUILT HOMES, LLC., a Washington Limited Liability Company, | No. 57502-7-II |
| Appellants, | |
| v. | PUBLISHED OPINION |
| THE STATE OF WASHINGTON and THURSTON COUNTY AUDITOR, MARY HALL, in her official capacity, | |
| Respondents. | |

CHE, J. — Building Industry Association of Washington and Soundbuilt Homes, LLC (Soundbuilt) appeal the order granting summary judgment in favor of the State and the Thurston County Auditor (collectively, the State).

To record documents with the county auditor in the course of their business, BIAW, or its members, pay a document recording surcharge. Generally, the surcharge finances affordable housing and related funds. BIAW filed a declaratory judgment action against the State arguing, among other things, that the document recording surcharge violated article VII, sections 1 and 5 of the Washington Constitution. BIAW and the State moved for summary judgment. The trial court found that BIAW asserted only facial challenges to the surcharge. The trial court granted summary judgment for the State and denied summary judgment for BIAW.

We hold that the document recording surcharge does not violate article VII, section 1 or 5 of the Washington Constitution, and that the trial court properly ruled that BIAW asserted only a facial challenge. Consequently, we affirm the trial court's grant of summary judgment in favor of the State.

FACTS

Building Industry Association of Washington is a non-profit trade association supporting Washington homebuilders. The majority of Building Industry Association of Washington members are contractors that construct single-family homes. Soundbuilt is a Washington-based limited liability company engaged in the home building industry. Building Industry Association of Washington and Soundbuilt (collectively BIAW) alleged that they or their members paid the document recording surcharge imposed under the following statutes in the regular course of their business: former RCW 36.22.178 (2021), *repealed by* LAWS OF 2023, ch. 277, § 13; former RCW 36.22.179 (2021), *repealed by* LAWS OF 2023, ch. 277, § 13; former RCW 36.22.1791 (2021), *repealed by* LAWS OF 2023, ch. 277, § 13; RCW 36.22.240; and ENGROSSED SECOND SUBSTITUTE H.B. 1277, 67th Leg., Reg. Sess. (Wash. 2021) (hereafter HB 1277).

BIAW filed for declaratory judgment arguing, among other things, that the document recording surcharge is a tax that violates article VII, section 1 and 5 of the Washington Constitution. BIAW moved for summary judgment. The State filed a cross-motion for summary judgment arguing, among other things, that the document recording surcharge is not a property tax.

At the summary judgment hearing, BIAW asserted that it was bringing both facial and as-applied constitutional challenges. The trial court found that BIAW presented only facial

2

challenges.  The trial court granted summary judgment for the State and denied summary

judgment for BIAW.

BIAW appeals.

## ANALYSIS

### I.  LEGAL BACKGROUND

Chapter 36.22 RCW pertains to the duties of county auditors.  The county auditor is the

"recorder of deeds and other instruments in writing which by law are to be filed and recorded in

and for the county for which he or she is elected."  RCW 36.22.010(1).  To that end, chapter

36.22 RCW requires county auditors to assess various surcharges for such recording.

Generally, former RCW 36.22.178 required the county auditor to assess a $13 per

recorded document surcharge to finance affordable housing related funds, but the county could

have retained up to five percent for the collection, administration, and local distribution of the

funds.  Former RCW 36.22.179 required the county auditor to assess a $62 per recorded

document surcharge to finance homeless housing and assistance funds, but the auditor was

required to retain two percent for collection of the fee.  And former RCW 36.22.1791 required

the county auditor to assess an $8 per recorded document surcharge to support local homeless

housing and assistance.  Generally, RCW 36.22.240 requires the county auditor to assess a $2.50

per recorded document surcharge to finance the growth management planning and review fund.

In 2021, the legislature passed HB 1277, requiring the county auditor to assess $100 per

recorded document to fund affordable housing, eviction prevention, and housing stability

services.  That surcharge was codified into former RCW 36.22.176 (2022), *repealed by* LAWS OF

2023, ch. 277, § 13.  The combined total of the aforementioned surcharges amounted to $185.50

3

per document. The aforementioned statutes exempted various documents from their respective surcharges.

But in July 2023—after BIAW had filed this action—the legislature repealed all of the aforementioned statutes except RCW 36.22.240. LAWS OF 2023, ch. 277, § 13. And the legislature added a new section to Chapter 36.22 requiring the county auditor to assess a $183 per recorded document surcharge, subject to various exemptions.[1] LAWS OF 2023, ch. 277, § 1. This surcharge was codified into RCW 36.22.250.

Under this statute, the county auditor retains one percent of the total funds collected for its fee collection activities. RCW 36.22.250(2)(a). After adding the RCW 36.22.250 surcharge with the $2.50 imposed by RCW 36.22.240, the total amount of the surcharge for recording a document remained unchanged. The new surcharge was enacted to reduce administrative complexity and increase the transparency of revenue flows from the document recording surcharge. FINAL B. REP. ON SECOND SUBSTITUTE S.B. 5386, 68th Leg., Reg. Sess. (Wash 2023).

We construe BIAW's arguments as challenging RCW 36.22.250 and RCW 36.22.240.

---

[1] RCW 36.22.250(1) exempts the following documents from the $183 surcharge:

> (a) Assignments or substitutions of previously recorded deeds of trust;
> (b) Documents recording a birth, marriage, divorce, or death;
> (c) Any recorded documents otherwise exempted from a recording fee or additional surcharges under state law;
> (d) Marriage licenses issued by the county auditor; and
> (e) Documents recording a federal, state, county, city, or water-sewer district, or wage lien or satisfaction of lien.

II. FACIAL CHALLENGE TO THE DOCUMENT RECORDING SURCHARGE'S CONSTITUTIONALITY

We review summary judgment orders de novo. *Royal Oaks Country Club v. Dep't of Revenue*, ___ Wn.3d ___, 541 P.3d 336, 339 (2024). Summary judgment is appropriate when the pleadings, depositions, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).

The party facially challenging a statute's constitutionality must show that "no set of circumstances exists in which the statute, as currently written, can be constitutionally applied." *City of Redmond v. Moore*, 151 Wn.2d 664, 669, 91 P.3d 875 (2004). If the party meets that burden, the statute is rendered inoperative. *Id.* Because statutes are presumed constitutional, the challenger bears the heavy burden of proving a statute's unconstitutionality beyond a reasonable doubt. *Sch. Dists.' All. for Adequate Funding of Special Educ. v. State*, 170 Wn.2d 599, 605, 244 P.3d 1 (2010).

A.   *Article VII, Section 1*

BIAW argues that the document recording surcharge is a property tax that violates the uniformity requirement of the Washington Constitution. We disagree.

The uniformity requirement of article VII, section 1 of the Washington Constitution provides, "All taxes shall be uniform upon the same class of property within the territorial limits of the authority levying the tax."

i. *The Document Recording Surcharges are Taxes*

For article VII, section 1 to apply to the document recording surcharge, the document recording surcharge must be a tax. *City of Snoqualmie v. King County Exec. Dow Constantine*, 187 Wn.2d 289, 298, 386 P.3d 279 (2016). "'[T]ax'" is defined as "'an enforced contribution of

5

No. 57502-7-II

money, assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities. It is not a debt or contract in the ordinary sense, but it is an exaction in the strictest sense of the word.'" *Id*. (quoting *State ex rel. City of Seattle v. Dep't of Pub. Utils. of Wash.*, 33 Wn.2d 896, 902, 207 P.2d 712 (1949)).

We use a broad version of the *Covell*[2] factors to determine whether the document recording surcharge is a tax or a fee. *Id*. at 300-01. To that end, we examine (1) the purpose of the charge, (2) where the money raised by the charge is allocated, and (3) whether there is a relationship between the charge and the service. *Id*. at 301-02. As to the first factor,

> If the primary purpose is to raise revenue used for the desired public benefit, the charges are a tax. If the primary purpose is to regulate the fee payers—by providing them with a targeted service or alleviating a burden to which they contribute—that would suggest that the charge is an incidental tool of regulation.

*Arborwood Idaho, L.L.C. v. City of Kennewick*, 151 Wn.2d 359, 371, 89 P.3d 217 (2004).

As to the second factor, the charge is more likely a tax if the money it raises is allocated into a general fund, rather than a fund for a specific purpose. *Dow Constantine*, 187 Wn.2d at 301. Additionally, the charge is more likely a fee if the revenue raised is segregated and apportioned solely to the authorized regulatory purpose. *Samis Land Co. v. City of Soap Lake*, 143 Wn.2d 798, 809-10, 23 P.3d 477 (2001). And the charge is more likely a fee if the charge regulates the entity or activity that is being charged. *Id*.

For the third factor, we ask "'whether people pay the cost because they use the service.'" *Dow Constantine*, 187 Wn.2d at 301 (quoting *Lane v. City of Seattle*, 164 Wn.2d 875, 882, 194

---

[2] *Covell v. City of Seattle*, 127 Wn.2d 874, 905 P.2d 324 (1995), *abrogated on other grounds by Yim v. City of Seattle*, 194 Wn.2d 682, 451 P.3d 694 (2019)).

6

P.3d 977 (2008)).  If there is not a direct relationship between the charge and the service received by those who pay the fee, or between the charge and the burden produced by the fee payer, the charge is probably a tax.  *Arborwood Idaho*, 151 Wn. 2d at 372-73.

Here, the document recording surcharge is a tax.  As to the first factor, the overwhelming purpose of the surcharge is to alleviate the housing crisis by financing certain funds, which is a desired public benefit.  RCW 36.22.250 allocates the $183 surcharge to a myriad of funds relating to homeless housing and assistance.  Only one percent of the total surcharge, $1.83, is distributed and used by the county auditor for its surcharge collection activities.  RCW 36.22.250(2)(a).  The remaining 99 percent, $181.17, of this surcharge is distributed to other funds related to the housing crisis.

Further, RCW 36.22.240(1)(a)-(b) allocates the money raised by the surcharge to specific housing affordability related funds.  Even though one percent of the total document recording surcharge goes to surcharge collection activities, the primary purpose of the document recording surcharge is to raise revenues for desired public benefits.  Thus, the first factor supports finding that the surcharge is a tax.

As to the second factor, neither RCW 36.22.250 nor RCW 36.22.240 allocate surcharge funds into a general fund, which supports a fee determination.  But the charge does not regulate the entity or activity—document recorders or the act of document recordation—being charged; rather, it allocates money to a desired public benefit, which supports a tax determination.  Thus, the second factor is largely neutral as to whether the document recording surcharge is a tax.

As to the third factor, document recorders do not pay the document recording surcharge because they use the service.  As stated above, only one percent of the surcharge is allocated to

the administration of the recordation service. RCW 36.22.250(2)(a). Document recorders pay the surcharge mainly to finance the State's housing programs. And document recorders may be individuals with no relationship to the housing construction industry. As such, there does not appear to be a relationship between the recorded documents that qualify for the surcharge and the service provided, which suggests the document recording surcharge is a tax.

Based on our analysis of the *Covell* factors, we determine that the document recording surcharge is a tax.

ii. *The Document Recording Surcharge Is an Excise Tax*

BIAW argues that the document recording surcharge is a property tax because certain documents associated with property ownership are required to be recorded under RCW 65.04.030, and owners must record their deeds to protect their interest from subsequent purchasers under RCW 65.08.070(1). We disagree.

Because only property taxes are subject to the uniformity requirement, we next determine whether the document recording surcharge constitutes a property tax within the meaning of the Washington Constitution. *Quinn v. State*, 1 Wn.3d 453, 470, 526 P.3d 1 (2023) *cert. denied*, No. 23-171 WL 156468 (S. Ct. Jan. 16, 2024).

While a property tax is defined as "a tax on the mere ownership of property," "an 'excise tax' applies to the exercise of rights in and to property or the exercise of a privilege." *Id*. at 471. In determining whether the document recording surcharge is a property tax, we keep in mind that "'[t]he character of a tax is determined by its incidents, not by its name.'" *Kunath v. City of Seattle*, 10 Wn. App. 2d 205, 214, 444 P.3d 1235 (2019) (quoting *Jensen v. Henneford*, 185 Wash. 209, 217, 53 P.2d 607 (1936)). We note that "'a tax imposed upon a particular use of

8

property or the exercise of a single power over property incidental to ownership, is an excise.'"

*Quinn*, 1 Wn.3d at 474 (internal quotation marks omitted) (quoting *Morrow v. Henneford*, 182 Wash. 625, 630, 47 P.2d 1016 (1935)).

The document recording surcharge is not a property tax because it is not levied on property ownership, but rather on "the exercise of rights in and to property or the exercise of a privilege." *Id*. at 471. RCW 36.22.250 and RCW 36.22.240 require the county auditor to assess the surcharge for each document recorded with certain exemptions.

RCW 65.04.030 requires the auditor, upon payment of fees, to record the following instruments:

> (1) Deeds, grants and transfers of real property, mortgages and releases of mortgages of real estate, instruments or agreements relating to community or separate property, powers of attorney to convey real estate, and leases which have been acknowledged or proved: PROVIDED, That deeds, contracts and mortgages of real estate described by lot and block and addition or plat, shall not be filed or recorded until the plat of such addition has been filed and made a matter of record;
>
> (2) Patents to lands and receivers' receipts, whether for mineral, timber, homestead or preemption claims or cash entries;
>
> (3) All such other papers or writing as are required by law to be recorded and such as are required by law to be filed.

That statute does not place an obligation on property owners; rather, it places recordation requirements on the auditor.

BIAW appears to rely on the subsection (3) language—"All such other papers or writing as are required by law"—language in the catch-all provision to show that the document recording surcharges are imposed on the mere ownership of property. RCW 65.04.030(3). But we are not

persuaded by BIAW's argument that the catch-all provision places recordation requirements on property owners. Indeed, RCW 65.04.030 begins, "The auditor or recording officer must . . . ."

And while RCW 65.08.070's title is "Real property conveyances to be recorded," it does not require property owners to record real property conveyances. Rather, the statute merely provides that real property conveyances "may be recorded" to protect the purchaser's interest against subsequent purchasers. RCW 65.08.070(1). While protecting one's interest in real property is a compelling reason to record one's conveyance, that does not make the document recording surcharge a property tax.

Individuals are required to pay the document recording surcharge when they engage in certain activities or transactions relating to real property like recording a deed, mortgage, or a power of attorney to convey real estate. But individuals also pay the document recording surcharge to record documents when they engage in certain activities or transactions unrelated to real property, like filing name change orders, certificates of appointment, claims for damages, declarations of payment, judgments, oaths of office, and writs of mandamus.

No one is required to pay the document recording surcharge merely for owning property. Indeed, BIAW concedes that "a conveyance need not be recorded in order to be legally binding on the parties to the transaction described in the document itself." Br. of Appellant at 12. Thus, the document recording surcharge is tethered to a specific activity or transaction—recording documents, not to the mere ownership of property.

Consequently, we hold that the document recording surcharge is not a property tax subject to the uniformity requirement, but it is instead an excise tax.

No. 57502-7-II

B.    *Article VII, Section 5*

BIAW argues that the document recording surcharge violates article VII, section 5 of the Washington Constitution.  We disagree.[3]

Article VII, section 5 of the Washington Constitution provides that "No tax shall be levied except in pursuance of law; and every law imposing a tax shall state distinctly the object of the same to which only it shall be applied."  "The 'state distinctly' requirement is directed to the relationship between the tax and the purpose of the tax."  *Ley v. Clark County. Pub. Transp. Benefit Area*, 197 Wn. App. 17, 25, 386 P.3d 1128 (2016) (quoting *Sheehan v. Cent. Puget Sound Reg'l Transit Auth.*, 155 Wn.2d 790, 804, 123 P.3d 88 (2005)).  An action is unconstitutional when it diverts taxes, originally designated for specific purposes stated in the enabling law, towards a "'wholly unrelated project or fund.'"  *Id*. at 26 (quoting *Sheehan*, 155 Wn.2d at 804).

The charges authorized in RCW 36.22.250 and RCW 36.22.240 do not violate article VII, section 5.  The legislature enacted the statutes allowing for a document recording surcharge, so the surcharge is levied pursuant to law.  The object of the surcharge is stated—to finance affordable housing related funds.

In this context, "[a]rticle VII, section 5 would render unconstitutional actions taken to divert taxes assessed for those purposes into some wholly unrelated project or fund."  *Sheehan*, 155 Wn.2d at 804.  But BIAW does not even allege that there has been such a diversion of funds.

_____

[3] As a preliminary matter the State argues that we should decline to consider the article VII, section 5 claim as it is undeveloped on appeal and below.  But we review this argument as it was sufficiently developed below and now on appeal.

11

Indeed, BIAW acknowledges that the document recording surcharge "go[es] to programs related to affordable housing." Br. of Appellant at 31. Thus, the document recording surcharge does not violate article VII, section 5 of the state constitution.

BIAW relies on *Lane*[4] to argue that the document recording surcharge violates article VII, section 5 because its purpose is to raise revenue, and the homebuilders are required to pay the document recording surcharge at a fixed amount unrelated to whether the builders are constructing affordable housing.

In *Lane*, Seattle Public Utilities (SPU) historically paid for hydrants by charging a flat hydrant fee to ratepayers. 164 Wn.2d at 880. Due to a case law change, SPU stopped charging ratepayers, and the city paid for the hydrants using its general fund. *Id*. To recoup the lost revenue, Seattle raised taxes on SPU, which caused SPU to raise its rates on water ratepayers. *Id*. Ratepayers sued SPU for hydrant payments made by ratepayers, claiming the hydrant payments were an impermissible tax on ratepayers. *Id*.

Our Supreme Court determined that charging ratepayers a hydrant charge was a tax. *Id*. at 883. Then, the court held that the imposition of those charges was unconstitutional under article VII, section 5 because "Seattle did not declare the charge to be a tax until 2005 or state a lawful object of a tax or statutory authority." *Id*. at 884.

BIAW's reliance on *Lane* in inapposite. The State, unlike cities, possesses "plenary power to tax." *In re Estate of Hambleton*, 181 Wn.2d 802, 817, 335 P.3d 398 (2014). And so, the tax was passed with statutory authority. Additionally, as stated above, the surcharge states a

---

[4] 164 Wn.2d 875.

lawful object. Consequently, we hold that the document recording surcharge is not facially

unconstitutional under article VII, section 5 of the Washington Constitution.

### III. AS-APPLIED CHALLENGE TO THE DOCUMENT RECORDING SURCHARGE'S

### CONSTITUTIONALITY

BIAW argues that the trial court erred by ruling that its challenges to the document

recording surcharge was not an as-applied challenge. We disagree.

"An as-applied challenge to the constitutional validity of a statute is characterized by a

party's allegation that application of the statute in the specific context of the party's actions or

intended actions is unconstitutional." *Moore*, 151 Wn.2d at 668-69. "Holding a statute

unconstitutional as-applied prohibits future application of the statute in a similar context, but the

statute is not totally invalidated." *Id*.

The allegations in the complaint regarding the document recording surcharge were

abstract, arguing that the surcharge was broadly unconstitutional. The allegations hardly

mention BIAW's specific circumstances and context. On appeal, BIAW merely alleges that its

members and Soundbuilt individually paid the document recording surcharge and that they had a

constitutional right not to pay unconstitutional surcharges. Merely paying the document

recording surcharge does not characterize BIAW's allegations in the specific context of their

actions.

More generally, the essence of BIAW's argument is that the document recording

surcharge is unconstitutional because (1) *any* person who records certain documents with the

auditor pays nonuniform property taxes and (2) the document recording surcharge statutes fail to

comply with article VII, section 5 of the state constitution, which is a broad argument

encompassing *any* person who paid the surcharge. Thus, the trial court properly ruled that BIAW solely brought a facial challenge to the document recording surcharge.

Even assuming that BIAW properly presented an as-applied challenge, its claim fails. For the same reasons discussed above, the document recording surcharge is not unconstitutional. The fact that BIAW members and Soundbuilt individually paid the surcharge does not change this determination.

Accordingly, we hold that the trial court properly ruled that BIAW asserted only a facial constitutional challenge. And even if the trial court erred, we hold that the as-applied challenge fails.

CONCLUSION

We affirm the trial court's grant of summary judgment in favor of the State.

Che, J.
_____
Che, J.

We concur:

Maxa, P.J.
_____
Maxa, P.J.

Lee, J.
_____
Lee, J.